# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PATIENCE AKA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION FILE NO. |
| : | 1:13-cv-02003-TWT-AJB |
| SSA APPEAL OFFICERS, : | |
| : | |
| Defendant. : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

On June 17, 2013, Plaintiff Patience Aka, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP") with a suit in which she appeared to seek to challenge the denial of her application for Social Security disability benefits. [Doc. 1]. On July 9, 2013, the Court entered an Order granting Plaintiff's IFP application. [Doc. 2]. However, when the Court performed the frivolity review required under 28 U.S.C. § 1915(e), it found five problems with Plaintiff's action: (1) it was unclear whether Plaintiff's claim was an appeal of a final decision of the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), and therefore was a claim to which Congress had waived the United States' sovereign immunity; (2) Plaintiff had failed to allege facts sufficient to show that she exhausted her administrative remedies prior to

filing suit; (3) Plaintiff appeared to wish to raise claims *pro se* on behalf of her children, which is impermissible under 28 U.S.C. § 1654; (4) Plaintiff had not identified the party that may properly defend against her claims; and (5) Plaintiff had not signed the complaint. [Doc. 2 at 6-12].

The Court therefore directed Plaintiff to amend her complaint, to (1) state that she brings the action as an appeal of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g); (2) name Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, as Defendant in the case; (3) if she was claiming denial of disability benefits, state the date of the onset of the disability giving rise to her claim; (4) state the date she applied for Social Security disability benefits and the date those benefits were denied; (5) attach a copy of the adverse decision and any other correspondence she received with regard to her claim; (6) state the date she appealed the adverse decision to the Appeals Council of the Social Security Administration; (7) state the date she received an adverse decision from the Appeals Council; (8) attach a copy of the adverse decision and any other correspondence she received with regard to her appeal; (9) state whether she was represented by an attorney during any portion of the Social Security proceedings, and if so, provide the attorney's name and contact information; and (10) ensure that the amended complaint meets the

2

form requirements set out in Rules 10 and 11 of the Federal Rules of Civil Procedure. [Doc. 2 at 13-14]. The Court further notified Plaintiff that if she should choose to persist in pursuing claims on behalf of her children, she must do so through attorney representation. [*Id*. at 14].

On July 25, 2013, Plaintiff timely filed an amended complaint. [Doc. 4]. In conducting a second frivolity review, the Court found that although the amended complaint dropped Plaintiff's children's claims and made it reasonably clear that Plaintiff seeks payment for certain awards she was entitled to but that were improperly paid to others, the amended complaint, like the original complaint, was nevertheless insufficient to survive the frivolity review required under 28 U.S.C. § 1915(e). [Doc. 5 at 6]. Specifically, the Court found that the amended complaint was deficient because (1) Plaintiff had again failed to allege facts sufficient to show that she exhausted her administrative remedies; and (2) she had again failed to identify the party that may properly defend against her claim. [*Id*. at 6-9].

Therefore, on August 20, 2013, the Court granted Plaintiff an additional thirty days' leave to file a second amended complaint, directing her to (1) state that she brings the action as an appeal of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), (h); (2) name Carolyn W. Colvin, Acting

AO 72A
(Rev.8/82)

Commissioner of the Social Security Administration, as Defendant in the case; (3) state the date she applied for Social Security disability benefits and the date she was awarded the past-due benefits she now claims were not paid to her; (4) state the date(s) she discovered that the challenged payments were improperly made to others; (5) state the date she requested review of her payment history from the Social Security Administration; (6) attach a copy of the Social Security Administration's determination that she had been paid correctly; (7) state the date she requested reconsideration of the initial determination that she had been paid correctly; (8) state the date that she requested a hearing before an ALJ regarding the alleged underpayment; (9) attach a copy of the ALJ's adverse decision and any other correspondence she received with regard to her underpayment claim; (10) state the date she appealed the adverse decision to the Appeals Council of the Social Security Administration; (11) state the date she received an adverse decision from the Appeals Council; (12) attach a copy of the adverse decision and any other correspondence she received with regard to her appeal; and (13) provide the name and contact information for the attorney she claims was overpaid. [*Id*. at 9-10]. The Order also advised Plaintiff that if she did not fully comply, the undersigned would recommend to the District Judge that the action be

dismissed. [*Id*. at 10]. Eight weeks have passed, and Plaintiff has not complied with the Order or otherwise responded. [*See* Dkt.].

Under this Court's Local Rules, the Court may dismiss a case if a party "fail[s] or refuse[s] to obey a lawful order of the court in the case." LR 41.3A(2), NDGa. Also, the Eleventh Circuit has stated: "Implicit in [a court's] instruction [to replead a deficient pleading] is the notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001); *see also Giscombe v. ABN Amro Mortg. Grp., Inc.*, 680 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (Batten, J.) (dismissing case after plaintiff filed a second deficient complaint).

The undersigned concludes that Plaintiff's complaint should be dismissed for failing to comply with the Court's lawful Order. Plaintiff has not attempted to remedy the pleading deficiencies outlined in the Court's August 20, 2013, Order, nor has she requested a further extension of time to do so. Instead, Plaintiff has simply ignored the Order. Plaintiff's failure to even attempt to correct or replead the second defective

AO 72A
(Rev.8/82)

complaint also demonstrates the futility of lesser sanctions because Plaintiff has demonstrated a lack of willingness to comply with orders issued by the Court.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a lawful Court order under Local Rule 41.3A(2). *See Allen v. Litton Loan Servicing*, Civ. Action File No. 1:10-cv-1562-TWT, 2010 WL 3304287, at *1 (N.D. Ga. July 23, 2010) (adopting Report &Recommendation and dismissing case where plaintiff failed to comply with magistrate judge's order to replead a deficient complaint).

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the 15th day of October, 2013.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)